HAHN'S ADMINISTRATOR, Respondent, v. SWEAZEA, Appellant.

1. To warrant the reversal of a judgment on the ground of the admission of irrelevant testimony, it must appear that it was calculated to mislead the jury.
2. Remission of damages may be made by a plaintiff after a motion for a new trial has been overruled.

*Appeal from Bollinger Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Noell,* for appellant.

I. It was error to permit the witness to detail the statements of plaintiff made in reference to the marks and descriptions of the filly. The court should have given the instruction asked, excluding the evidence so far as it tends to prove title or identity. The court erred in refusing the second instruction asked. Where the scale is equally balanced by the evidence on both sides, the possession of property will be left where it is found. There was not a particle of evi-

dence to sustain the verdict for damages. Nor does the remission of damages, after the motion for a new trial was overruled and exception taken, alter the case.

*Glover & Richardson*, for respondent.

Scott, Judge, delivered the opinion of the court.

This was an action to recover the possession of a bay filly and damages for her detention commenced under the act of 1849, and in which the plaintiff recovered judgment.

On the trial, during the examination of one of the plaintiff's witnesses, he was asked by plaintiff to state what plaintiff said in the presence of defendant's family (the defendant being absent) when the plaintiff went to demand the filly. The defendant admitted a demand and objected to the evidence going to the jury, as he was not present. The court overruled the objection and the witness was permitted to state what was said by the plaintiff. The substance of the testimony was that the plaintiff described the filly by two unusual marks, both of which were on the mare in controversy, and declared that unless the filly he claimed had these marks she was not his property. After this testimony was heard by the jury, the court directed them that it was only evidence of a demand. After the evidence had been closed on both sides, the defendant asked the court to instruct the jury that the statement of the plaintiff tending to show title in himself to the filly and giving a description of her, is not evidence for the plaintiff to prove title or to prove the identity of the filly in controversy. This instruction was refused.

We can see no reason why the court permitted the evidence to go to the jury, nor why the instruction was refused. It is certainly, to say the least of it, a very unsatisfactory way of conducting a trial, to allow a witness to give illegal testimony, knowing at the time it will turn out so. Improper evidence will sometimes escape a witness, as it is not known what he will state, and the court will sometimes change its

opinion upon reflection and strike out evidence when it has been received. But it is strange that a court would permit a witness to testify, when it is known that his testimony will be illegal. When the demand was admitted, there was no necessity for the witness proceeding any further in his statement. In truth, the evidence was inadmissible to establish a demand, as the defendant was not present. The court must have known that the object of the party was a sinister one; and why was he indulged? After the allowance of this evidence, under the circumstances, the court surely would not have erred had it given the instruction asked by the defendant.

Although the conduct of the court was such as might well have created dissatisfaction in the mind of the defendant, yet strictly we can not say that there was such error as, under all the circumstances, will warrant a reversal. The jury was verbally directed to disregard the improper evidence except on the point of a demand, and on looking at the evidence in the record we can not say that the hearing of the illegal evidence by the jury caused a prejudice to the defendant. The declaration of the plaintiff heard by the jurors was supported by the testimony of several witnesses in their description of the filly. They described her as the plaintiff did. We must suppose that the jury governed themselves by the direction of the court.

The case did not turn so much upon the equilibrium of evidence as upon the credibility of the witnesses. There is no doubt that when the evidence is of equal weight on both sides, in the minds of the jury, that they should leave the parties as they find them. When a plaintiff would take from another what is in his possession, he must produce evidence that would satisfy the mind that it would be right to do so. But as this case evidently turned on the credibility of the witnesses, as has been observed, we can not say that the defendant was prejudiced by the refusal of his second instruction, especially when we take into consideration those given for the other side.

The remission of the damages during the term was in time, although it was not done until after the motion for a new trial had been overruled and exceptions taken.

Upon the whole, on looking through this record, we are not satisfied that the defendant would be benefited by a new trial. Affirmed; the other judges concur.